Reese, J.
delivered the opinion of the court.
This bill is filed by the administrator, suggesting the insolvency of the estate of his intestate against the widow, distrib-utees and creditors of the estate for a settlement and pro rata distribution thereof.
The defendants, Christmas and wife, had previously filed their bill against the widow and distributees of the intestate, which bill upon the exhibition of the administrator’s bill, was by consent taken as an answer to that bill. Christmas and wife object to a pro raía distribution of Gentry’s estate, and set up a specific lien upon the lands, as vendors thereof, and insist that they are entitled to a satisfaction of their debt in preference-to the widow’s right of dower, or to the claims of other creditors.
Their bill, which is here taken as an answer, states that in 1829 they sold to R. A. Gentry, the intestate, three tracts of land for the price of $20,000. At the time of the sale, Christmas was indebted to Gentry $10,000, which sum was deducted from the price of the land. The remaining $10,000 were se *617 cured to be paid by a note which Gentry held on Tappan, Hardy & Co., endorsed by E. S. Tappan for $8,286 98 due in January 1841, and which was endorsed to Christmas by said Gentry, and a note drawn by said Gentry at the time of the purchase for $1,714 02, and endorsed by S. W. Gentry, and falling due in September, 1840. These notes were delivered to Christmas, and he and wife executed their conveyance for the-land.
Christmas and wife insist that they did not intend to waive their lien on the land by the reception of these notes, and therefore they ought to be permitted to assert it now.
Ruth T. Gentry, the widow, in her answer to the administrator’s bill insists that Christmas and wife, by the reception of the two notes, endorsed as before stated, waived their lien upon the land and ought to stand on the footing of other creditors of the estate, and that she is entitled to dower in preference to the claims of creditors.
There is no proof in the cause, and the question whether the vendors of these lands have waived their lien or not, depends upon the effect which the liability of Tappan, Hardy & Co. and E. S. Tappan on the first note, and that of S. W. Gentry in the second, is to have upon the question. <-
In the case of Campbell vs. Baldwin, 2 Humph. Rep. 248, it was held by this court that “a vendor is presumed to intend to retain his hen upon the conveyed premises for the payment of the purchase money, and the circumstances to manifest the non-existence of such intention, must be shown by the vendee,” and that a note given for the purchase money, with the endorsement of a third person is evidence that the lien of the vendor is waived and abandoned.
If a vendor carves out a security for himself, it is evidence that he reposes upon that, and does not look to his lien upon the conveyed premises for indemnity. This prima facie evidence to be suite, may be repelled by proof, but the onus lies upon the vendor to make that proof, and if he fail to do so, it must be held that the lien was waived and abandoned.
Whether the security which may be taken be a mortgage upon other estates, a pledge of goods, or the personal respon *618 sibility of a third person, it can make no difference either in reason or upon authority. In either case it indicates that the vendor reposes upon it, and that is enough to put him to the proof that he did not intend thereby to waive his lien.' See Gilbert vs. Brown, 1 Mason’s Rep. 191, 4 Wheaton, 255, and 4 Peters’ Cond. Rep. 445, and 2 Story’s Eq., sec. 1226 and note.
In this case the complainant introduces no evidence. It is asserted in the bill that it was not intended that the security taken should operate as a waiver of the lien, but no fact is stated in the bill, or shown by proof, from which an intention to retain the lien can be inferred.
It is insisted that these endorsed notes were not taken as á secui'ity, but as a mode of payment, and the case of Hughes vs. Kearney, 1 Schf. & Lef. 132, decided by Lord Redsdale,is referred to in support of the position.
In that case the vendor received an accepted bill of exchange, which was not paid — and it was held that this was not a security, but a mode of payment. But that case is very different from the one before the court. A bill of exchange is only a means of paying over the funds of the vendee, which it is supposed will be placed in the hands of the acceptor. By the theory of the law, the acceptor is not a surety, but merely pays the money of the drawer in pursuance of his order. But endorsers are by the theory of the law, and in fact conditional sureties for the payment. 2 Story, 479, note. In this case the note for $8,285 98 was executed by Tappan, Hardy & Co., and endorsed by E. S. Tappan, before the-vendee, Gentry, endorsed it. All the other parties were actually liable to Gentry, so that there is no case where the personal undertaking of a third person could be more emphatically regarded as' a security, than the one now under consideration.
But the endorsement of S. W. Gentry upon the other note created on his part a conditional undertaking as surety for its payment, and must have been so considered and reposed upon by Christmas at the time. Upon the whole, we are of opinion that the lien in this case was waived and abandoned by the reception of these securities and cannot now be set up and *619 enforced, because they have proved unproductive. Let the decree be affirmed.